**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 19 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-31405 |
| | ) | |
| Patrick A. Manahan, | ) | Chapter 7 |
| Mindy L. Manahan, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

## ORDER

This matter is before the court on the motion for an order pursuant to 11 U.S.C. § 362(j) confirming that the automatic stay has been terminated with regard to certain personal property ("Motion") filed by DaimlerChrysler Fin. Servs. Amers. LLC sbmt DaimlerChrysler Servs. NA LLC ("DaimlerChrysler") [Doc. # 27]. Section § 362(j) provides that "[o]n request of a party in interest, the court shall issue an order *under subsection (c)* confirming that the automatic stay has been terminated." 11 U.S.C. § 362(j) (emphasis added). DaimlerChrysler's request is based on its contention that the automatic stay was terminated with respect to a 2004 Chrysler Pacifica pursuant to § 362(h) rather than § 362(c). The court finds persuasive the reasoning of those cases that have interpreted § 362(j) as applying only to requests for orders confirming the termination of the automatic stay under § 362(c). *See In re Dienberg*, 348 B.R. 482 (Bankr. N.D. Ind. 2006) (noting that the Bankruptcy Abuse and Consumer Protection Act of 2005 scattered a number of provisions throughout the Bankruptcy Code which state that the automatic stay is terminated without any order of the court upon the occurrence or nonoccurrence of certain events but that § 362(j) plainly refers only to § 362(c)); *In re Conley*, 358 B.R. 337 (Bankr. N.D. Ohio 2006) (noting that § 362(c) specifically

excepts § 362(h) from its reach); *In re Ermi*, Case No. 06-60167, 2006 WL 2457144, 2006 Bankr. LEXIS 1998 (Bankr. N.D. Ohio Aug. 3, 2006) (same). *But see In re Record*, 347 B.R. 450 (Bankr. M.D. Fla. 2006); *In re Craker*, 337 B.R. 549 (Bankr. M.D.N.C. 2006). Because DaimlerChrysler does not contend that the automatic stay terminated by operation of § 362(c), but rather by operation of § 362(h), its motion will be denied.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion [Doc. # 27] be, and hereby is, **DENIED.**

2